**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 13 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FINAU DOMINIC TAKAPU, | No. 05-73498 |
| Petitioner, | Agency No. A037-267-904 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 2, 2009[**]
Pasadena, California

Before: T.G. NELSON, BYBEE and M. SMITH, Circuit Judges.

Finau Dominic Takapu petitions for review of the Board of Immigration Appeals' order affirming an Immigration Judge's ("IJ's") denial of Takapu's challenge to his removal order and his applications for withholding of removal and relief under the CAT. We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. We have jurisdiction to review Takapu's purely legal contention that his conviction for an offense under California Penal Code § 243(d) does not constitute a crime of violence under 18 U.S.C. § 16(a), and is therefore not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) . 8 U.S.C. § 1252(a)(2)(D).

Under the Supreme Court's opinion in *Taylor v. United States*, 495 U.S. 575, 588-89 (1990), we compare the state statute of conviction to the federal predicate offense to determine whether there is a categorical match (i.e., all conduct for which someone could realistically be convicted under state statute falls within the federal offense). California Penal Code § 243(d) provides that "[w]hen a battery is committed against any person and serious bodily injury is inflicted on the person, the battery is punishable by imprisonment in a county jail not exceeding one year or imprisonment in state prison for two, three, or four years." Cal. Penal Code § 243(d). According to California courts, a § 243(d) offense has three elements: (1) the use of physical force against the victim; (2) the use of force or violence was willful and unlawful; and (3) the use of force or violence inflicted serious bodily injury on the other person. *People v. Lewis*, 120 Cal. App. 4th 882, 887 (2004).

Section 1101(43)(F) of Title 8, meanwhile, defines a "crime of violence"—by reference to 18 U.S.C. § 16(a)—as "an offense that has as an element the use, attempted use, or threatened use of physical force against the

2

person or property of another."  18 U.S.C. § 16(a).  As used in the statute, the word "use" "suggests a higher degree of intent than negligent or merely accidental conduct."  *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004); *see also United States v. Trinidad-Aquino*, 259 F.3d 1140, 1145 & n.2 (9th Cir. 2001) (concluding that the word "use" requires "some volition to perform the act").

There is nothing "negligent or merely accidental" about a § 243(d) offense; it requires the willful use of physical force that causes serious injury, examples of which include "loss of consciousness; concussion; bone fracture; . . . and serious disfigurement."  Cal. Penal Code § 243(f)(4).  Because a 243(d) offense will always involve "the use . . . of physical force . . . against the person . . . of another," *see* 18 U.S.C. § 16(a), we conclude that it is categorically a crime of violence, and therefore, an aggravated felony under 8 U.S.C. §§ 1101(a)(43)(F) and 1227(a)(2)(A)(iii).

2. Takapu next argues that the IJ erred in determining that Takapu's conviction constituted a "particularly serious crime," thereby rendering him ineligible for withholding of removal under 8 U.S.C. § 1231(b)(3)(B)(ii).  By statute, we lack jurisdiction to review the IJ's discretionary determination.  *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *see also Unuakhaulu v. Gonzales*, 416 F.3d 931, 935 (9th Cir. 2005) ("[W]hen the Attorney General decides that the alien's offense was

3

a particularly serious crime, we lack jurisdiction to review such a decision because it is discretionary.") (internal quotation marks and citation omitted).

3. We have jurisdiction over Takapu's claim that he was improperly denied protection under the Convention against Torture. *See Bromfield v. Mukasey*, 543 F.3d 1071, 1075 (9th Cir. 2008). On the merits, however, substantial record evidence supports the IJ's determination that Takapu failed to establish that he would more likely than not be tortured if he was removed to New Zealand. *See* 8 C.F.R. § 208.16(c)(2) & (3).

Takapu's petition for review is DENIED.